RECEIVED
IN LAKE CHARLES, LA

APR 2 7 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RANDALL G. WOODARD,** <br> **Plaintiff,** | : <br> : | |
| **vs.** | : <br> : | **Civil Action No:** |
| **DAVOL INC. and C. R. BARD INC.** <br> **Defendants.** | : <br> : | |

**2:07CV0747**
**JUDGE MINALDI**
**MAGISTRATE JUDGE WILSON**

## COMPLAINT

### Parties

1. Plaintiff, RANDALL G. WOODARD ("Mr. Woodard") is a citizen and resident of the Parish of Beauregard, State of Louisiana.

2. Defendant, DAVOL INC. ("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Sockanosset Crossroad, Cranston, Rhode Island. DAVOL has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset St., Providence, Rhode Island. DAVOL focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. Defendant, C. R. BARD INC. ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD at all times relevant did substantial and continuous business in the State of Rhode Island.

## Jurisdiction

4. The Court has subject matter and personal jurisdiction over the issues and the parties to this cause of action. Mr. Woodard is a resident of the State of Louisiana and was implanted with Defendants' defective medical device and suffered resultant injuries and damages in the State of Louisiana, Parish of Calcasieu. DAVOL is a resident of the State of Rhode Island who manufacturers the product in Rhode Island. DAVOL's principal place of business is the State of Rhode Island. Mr. Woodard brings this complaint solely under state law and not under federal law and specifically not under the United States Constitution, or any of its amendments.

## Facts

5. Defendant DAVOL designed, manufactured and distributed the Kugel Patch, a hernia mesh patch that was inserted into the Mr. Woodard's body.

6. Defendant DAVOL, through its agents, servants and employees, participated in the manufacture and delivery of the Kugel Patch that was inserted into Mr. Woodard's body.

7. The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application the Kugel Patch was authorized by the FDA as a Class II medical device.

8. The Kugel Patch hernia repair product implanted in Mr. Woodard was designed, manufactured, sold and distributed by DAVOL to be used by surgeons for hernia repair surgeries and was further represented by DAVOL to be an appropriate, cost-effective and suitable product for such purpose.

9. On March 20, 2007, Mr. Woodard underwent surgery to replace the Kugel Patch inserted into his body.

10. An FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to health

11. On December 22, 2005, DAVOL recalled many sizes of Kugel Patches under a Class I recall notice.

12. The Kugel Patch was recalled due to a faulty "memory recoil ring" that can break under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported.

13. On March 31, 2006, the initial Class I recall on the Kugel Patch was expanded.

14. Mr. Woodard has suffered and will continue to suffer physical pain and mental anguish.

15. Mr. Woodard has incurred substantial medical bills and Mr. Woodard has lost wages.

16. DAVOL and BARD withdrew a large number of Kugel Patches as a result of the high complication and failure rate of the product.

17. Upon information and belief DAVOL and BARD failed to comply with the FDA application and reporting requirements.

18. Upon information and belief DAVOL and BARD were aware of the high degree of complication and failure rate associated with their Kugel Patch before it was recalled.

19. Upon information and belief DAVOL and BARD were aware of the defect in manufacture and design prior to the recall of their Kugel Patch.

20. DAVOL and BARD at all times mentioned had a duty to properly manufacture, test,

inspect , package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Kugel Patch.

21. DAVOL and BARD at all times mentioned knew or in the exercise of reasonable care should have known, that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Kugel Patch's users.

22. DAVOL and BARD so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the Kugel Patch, that they were dangerous and unsafe for the use and purpose for which it was intended.

23. DAVOL and BARD were aware of the probable consequences of the Kugel Patch. DAVOL and BARD knew or should have known the Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Kugel Patch. DAVOL and BARD willfully and deliberately failed to avoid those consequences, and in doing so, DAVOL and BARD acted in conscious disregard of the safety of Mr. Woodard.

24. Defendants DAVOL and BARD owed a duty to Mr. Woodard to adequately warn him and her treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

**LOUISIANA PRODUCTS LIABILITY ACT**

25. Plaintiff hereby restates and alleges each and every allegation set forth above, with the same force and effect as if herein repeated and set forth at length.

26. Defendants' Defective Device proximately caused damage to the Plaintiff which said damage was caused by a characteristic of the product that rendered it unreasonably dangerous arising from a reasonably anticipated use of the product by the Plaintiff, thus rendering Defendants liable to the Plaintiff pursuant to LSA-R.S. 9:2800.54.

27. The product in question is unreasonably dangerous for the following reasons:

a. It is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;

b. It is unreasonably dangerous in design as provided in R.S. 9:2800.56;

c. It is unreasonably dangerous because an adequate warning about the product was not provided as required by R.S. 9:2800.57;

d. It is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.

28. The characteristics of the product that render it unreasonably dangerous under R.S. 9:2800.55, et seq., existed at the time the product left the control of the manufacturer or resulted from a reasonably anticipated alteration or modification of the product.

29. For all of the reasons alleged herein, Defendant's Defective Device was unreasonably dangerous in construction and composition because, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product, or from otherwise identical products manufactured by the same manufacturer.

30. For all of the reasons alleged herein, Defendants' Defective Device was unreasonably dangerous in design at the time the product left its manufacturer's control in that:

a. There existed an alternative design for the product that was capable of preventing the Plaintiff's damage; and

b. The likelihood that the product's design would cause the Plaintiff's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product.

31. For all of the reasons alleged herein, Defenants' Defective Device was unreasonably dangerous because an adequate warning about the product had not been provided and at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide adequate warning of such characteristic and its danger to users and handlers of the product.

32. Further, the Defendants, after the product left its control, acquired knowledge of a characteristic of the product that may cause damage and the danger of such characteristic (or, alternatively, Defendants would have acquired such knowledge if it had acted as a reasonably prudent manufacturer), and thus is liable for damages suffered by Plaintiff which arose as a consequence of Defendants' failure to use reasonable care to provide an adequate warning of such characteristic and its dangers to users.

## VIOLATION OF WARRANTY OF REDHIBITION

33. Plaintiff hereby restates and alleges each and every allegation set forth above, with the same force and effect as if herein repeated and set forth at length.

34. Defendants, as the manufacturer of the Defective Device, is deemed to be aware of its redhibitory defects pursuant to LSA-C.C. art. 2545.

35. Had Plaintiff been aware of the defects contained in the device, Plaintiff would not have

purchased the device or had the Defective Device implanted. This characteristic rendered it unfit for its intended purposes.

36. Defendants are thus liable to Plaintiff under the theory of redhibition.

37. Thus, the Plaintiff is entitled to a return of any purchase price paid, including but not limited to insurance co-payments, interest on these amounts from the date of purchase, attorneys' fees and costs, pecuniary and non-pecuniary damages, as well as any other legal or equitable relief to which Plaintiff may be entitled.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

a. That process issue according to law;

b. That Defendants be served with a copy of Plaintiff's Complaint and show cause why the prayers for relief requested by Plaintiff herein should not be granted;

c. That Plaintiff be granted a trial by jury in this matter;

d. That the Court enter a judgment against Defendants for all damages allowable to Plaintiff;

e. That the costs of this action be cast upon Defendants;

f. That the Court grant Plaintiff such further relief which the Court deems just and appropriate.

g. Pre-Judgment Interest and Costs.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as to all claims triable in this action.

Respectfully submitted this 26th day of April, 2007.

Respectfully submitted,

BY: ______________________________
Matthew E. Lundy – Bar #18988
Lundy & Davis, L.L.P.
501 Broad St.
Lake Charles, LA 70601
(337) 439-0707 Phone
(337) 439-1029 Fax

LUNDY & DAVIS, L.L.P.
ATTORNEYS AT LAW

Lake Charles, Louisiana
Houston, Texas

501 BROAD STREET
P.O. BOX 3010
**LAKE CHARLES, LA 70602**
(337) 439-0707
FACSIMILE (337) 439-1029
www.lundydavis.com

Jackson, Mississippi
Fayetteville, Arkansas

**Matthew E. Lundy**
ATTORNEY AT LAW
mlundy@lundydavis.com

April 27, 2007

Honorable Jo Ann Benoit
Clerk of Court, United States District Court
Western District of Louisiana
Lake Charles Division
188 Edwin F. Hunter Jr. Federal Bldg.
611 Broad Street
Lake Charles LA 70601

Re: Randall G. Woodard v. Davol, Inc. And C.R. Bard, Inc., United States District Court, Western District of Louisiana, Lake Charles Division

Dear Ms. Benoit:

Enclosed please find an original and two (2) copies of a Complaint. Please file the original into the record, return one (1) conformed copy and one (1) certified copy to the undersigned in the enclosed self addressed, stamped envelope.

Also, enclosed please find a check in the amount of $350.00 for filing. If you should have any questions, please feel free to give us a call.

Very Truly Yours,

LUNDY & DAVIS, L.L.P.

Matthew E Lundy

MATTHEW E. LUNDY

MEL:lmb
Enclosures