UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| RANDALL G. WOODARD | CASE NUMBER: 2:07CV0747 |
| Plaintiffs, | JUDGE MINALDI |
| vs. | MAGISTRATE JUDGE WILSON |
| DAVOL, INC. AND C.R. BARD INC. | |
| Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC. AND REQUEST FOR JURY TRIAL**

Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard"), by and through counsel, hereby answer Plaintiff's Complaint, paragraph by paragraph, as follows.

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. Davol admits that it is a Rhode Island corporation with its principal place of business at 100 Sockanosset Crossroad, P.O. Box 8500, Cranston, Rhode Island 02920. Davol denies each and every remaining allegation in Paragraph 2.

3. Bard admits that it is a New Jersey corporation with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974. Bard denies each and every remaining allegation in Paragraph 3.

**Jurisdiction**

4. Paragraph 4 contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph 4.

**Facts**

5. Paragraph 5 is not directed to Bard, and therefore no response is required. Davol admits that at various times it designed, manufactured, and marketed various hernia repair products, including the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information within the United States, including Rhode Island.

6. Paragraph 6 is not directed to Bard, and therefore no response is required. Davol admits that at various times it designed, manufactured, and marketed various hernia repair products, including the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol denies each and every remaining allegation contained in Paragraph 6.

7. Bard denies each and every allegation contained in Paragraph 7, to the extent those allegations are directed to Bard. Davol admits that it submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

8. Paragraph 8 is not directed to Bard, and therefore no response is required. Davol admits that at various times it designed, manufactured, and marketed various hernia repair products, including the Composix® Kugel® Hernia Patch for use by prescribing

physicians in accordance with its accompanying labeling information within the United States, including Rhode Island. Davol denies each and every remaining allegation contained in Paragraph 8.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9, and therefore deny the same.

10. Defendants admit that the federal Food and Drug Administration categorizes a "Class I" recall as potentially life threatening or posing a potential for serious bodily harm.

11. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Patches took place in late 2005, early 2006, and early 2007. Answering further, Defendants state these products have since been returned to the market with FDA approval.

12. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Answering further, Davol admits that it has received reports of ring migration, intestinal fistulae, bowel perforation, and death.

13. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Patches took place in late 2005, early 2006, and early 2007. Answering further, Defendants state these products have since been returned to the market with FDA approval.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and therefore deny the same.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15, and therefore deny the same.

16. Defendants deny the allegations contained in Paragraph 16.

17. Defendants deny the allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. The allegations contained in Paragraph 20 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 20.

21. The allegations contained in Paragraph 21 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 21.

22. The allegations contained in Paragraph 22 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 22.

23. The allegations contained in Paragraph 23 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 23.

24. The allegations contained in Paragraph 24 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 24.

**LOUISIANA PRODUCTS LIABILITY ACT**

25. Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

26. The allegations contained in Paragraph 26 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 26.

27. The allegations contained in Paragraph 27 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 27.

28. The allegations contained in Paragraph 28 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 28.

29. The allegations contained in Paragraph 29 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 29.

30. The allegations contained in Paragraph 30 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 30.

31. The allegations contained in Paragraph 31 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 31.

32. The allegations contained in Paragraph 32 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 32.

## VIOLATION OF WARRANTY OF REDHIBITION

33. Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

34. The allegations contained in Paragraph 34 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 34.

35. Defendants deny each and every allegation contained in Paragraph 35.

36. The allegations contained in Paragraph 36 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 36.

37. The allegations contained in Paragraph 37 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 37.

## SEPARATE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. Defendants specifically plead the applicability and exclusivity of the Louisiana Products Liability Act, LSA-R.S. 9:2800.51, *et seq.*, and specifically aver that Plaintiff is not entitled to recovery under any of the exclusive theories of products liability recovery set forth in the Act.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

5. Plaintiff's Complaint should be dismissed under the doctrine of *forum non conveniens*.

6. Applicable statutes of limitations, prescriptive or preemptive statutes, statutes of repose, and/or the doctrine of laches bar Plaintiff's claims in whole or in part. Defendants specifically aver that the claims of Plaintiff are barred by the provisions of Louisiana Civil Code Article 3492 in that suit was not commenced within one (1) year from the date of injury or damage.

7. Plaintiff's, or his agents', including his physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claims in whole or in part.

8. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

10. Plaintiff is responsible, in whole or in part, for any injuries he suffered as a result of his own negligence and his acts or omissions and therefore Plaintiff's right to recover is diminished in an amount based upon his individual relative degree of fault.

11. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

12. The Learned Intermediary Doctrine bars Plaintiff's claims.

13. Plaintiff's claims are barred, in whole or in part, because the product at issue was designed, manufactured, marketed and labeled with proper warnings, information,

Case 2:07-cv-00747-PM-APW Document 10 Filed 06/29/2007 Page 8 of 11

cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiff's claims are barred, in whole or in part, because the product at issue was not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

17. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

18. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

19. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to it.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which it is responsible in this matter.

22. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative/contributory negligence.

23. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

24. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

26. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because such an award would violate Defendants' due process, equal protection and other rights under the United States Constitution, and any other applicable law.

27. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Louisiana law and/or other applicable laws.

28. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

29. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE** Defendant Davol Inc. and Defendant C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY DEMAND**

PLEASE TAKE NOTICE that Defendants hereby demand a trial by jury as to all issues.

Respectfully submitted,

Dated: June 29, 2007

IRWIN FRITCHIE URQUHART & MOORE LLC

BY: /s/James B. Irwin

JAMES B. IRWIN, T.A. (No. 7172)
DAVID M. MELANCON (No. 23216)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101

*Attorneys for Defendant Davol Inc. and C.R. Bard Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 29th day of June, 2007, a true and correct copy of the foregoing Answer has been served electronically upon counsel of record.

BY: /s/James B. Irwin
JAMES B. IRWIN, T.A. (No. 7172)